UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DENISE R. BASHAM                                                                                   PLAINTIFF

v.                                                                          CIVIL ACTION NO. 3:11-CV-00464-CRS

PRUDENTIAL INSURANCE                                                                       DEFENDANT
COMPANY OF AMERICA

## MEMORANDUM OPINION

This matter is before the court on several motions. Prudential Insurance Company of America ("Defendant") filed two motions, a Motion for Judgement on the Pleadings (DN 14) and a Cross Motion for Summary Judgment (DN 32). Denise R. Basham ("Plaintiff") also filed two motions, a Motion to File an Amended Complaint (DN 19) and a Motion to Remand for a Full and Fair Review (DN 27).

For the reasons set forth herein, the court (1) will grant Plaintiff's Motion to File an Amended Complaint, and (2) will grant Defendant's Motion for Judgment on the Pleadings.

## PROCEDURAL HISTORY

Plaintiff's original Complaint sought payment and damages for Defendant's alleged breach of contract and breach of fiduciary duty regarding Plaintiff's claims for short-term disability ("STD") and long-term disability ("LTD") benefits, which the Plaintiff alleged were both insured by the Defendant (DN 1).[1] In response, the Defendant filed a Motion for Judgment on the Pleadings alleging that, under ERISA, the Plaintiff's STD benefits claims against the

---

[1] Plaintiff's claim regarding LTD benefits satisfies jurisdiction for this court because it is undisputed that the LTD benefits are governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1002 (1974).

Defendant are not viable. The Defendant contends that it merely acts as the third-party administrator for the STD benefits at issue, not the insurer, and that the STD benefits claims are preempted under the Employee Retirement Income Security Act of 1974 ("ERISA") (DN 14-1).

The Plaintiff then filed a Motion to Amend the Complaint seeking to dismiss the two claims that the Defendant disputed (DN 19-1). First, Plaintiff seeks to dismiss the STD benefit claim as it is uncontested that Plaintiff's former employer, Harrah's Operating Company ("Harrah's") funded the Plaintiff's STD benefits through Harrah's Welfare Benefit Plan ("plan"), and that the Defendant did not fund the STD benefits plan. Second, Plaintiff seeks to dismiss the breach of fiduciary duty claim, conceding that the remedy for denial of benefits allegedly due under ERISA is a claim under ERISA section 1132(a)(1)(B) (DNs 19 and 23).

The court will address Plaintiff's motion to amend (DN 19) and Defendant's motion to dismiss on the pleadings (DN 14). Because Plaintiff's state common law claims fall under the ERISA preemption clause, we need not address the parties' additional claims.[2]

## BACKGROUND

Plaintiff filed an action against the Defendant seeking STD and LTD benefit payments allegedly due under an ERISA-governed employee benefit plan (DN 1). Plaintiff contends that Harrah's employed the Plaintiff, provided STD benefits to the Plaintiff as part of Harrah's wage benefit plan, and that Harrah's both sponsored and self-funded the STD benefits plan, such that the STD benefits claim is allegedly exempt from ERISA preemption (DN 19-2).

---

[2] The court need not address the parties' remaining claims because they become moot with this opinion. The moot claims are (1) Plaintiff's Motion to Remand for Full and Fair Review, which alleges that the Defendant did not satisfy existing administrative remedies based on the theory that the Defendant never rendered a decision on LTD benefits after terminating Plaintiff's STD benefits (DN 27); and (2) Defendant's Motion for Summary Judgment, which alleges that the Plaintiff failed to exhaust administrative remedies within the applicable time limit, thus barring the Plaintiff from seeking administrative remand (DN 32).

However, it is uncontested that the Defendant did not insure the STD benefits and only acted as a third-party administrator for Harrah's STD benefits plan by providing administrative claims handling services (DN 14-1).[3] It is also uncontested that through Harrah's employee benefits plan the Plaintiff was also eligible for LTD benefits governed by ERISA (DN 14). The LTD benefits were sponsored by Harrah's and the Defendant both administered and insured the LTD benefits, unlike the STD benefits, which the Defendant merely administered (DN 18).

It is uncontested that the Plaintiff last worked for Harrah's on or about April 5, 2010 (DN 31). Subsequently, Plaintiff submitted a claim to the Defendant, in its administrative capacity, for STD benefits (DN 31). On April 16, 2010, the Defendant approved Plaintiff's STD benefits claim, which were to be effective April 21, 2010 through May 18, 2010. (DN 31). Although the Plaintiff contends that she also submitted a LTD benefits claim along with her STD benefits claim, the Plaintiff fails to show any proof of such a claim (DN 31).

After the Defendant initially approval Plaintiff's STD benefits claim, the Defendant sent the Plaintiff several letters regarding her STD benefits (DN 21). First, on May 14, 2010, when Plaintiff's STD benefits had been in effect for almost one month, the Defendant sent Plaintiff a letter stating that the Plaintiff's physician approved her to return to work on July 1, 2010 (DN 31). Accordingly, the Defendant extended the Plaintiff's STD benefits through June 30, 2010—the day before she could return to work—and informed the Plaintiff that on that date the Defendant would terminate the Plaintiff's STD benefits claim (DN 31). In the same letter the Defendant also provided information regarding Plaintiff's right to appeal and thereby extend the STD benefits termination date (DN 31).

---

[3] The Defendant served as a third-party administrator for Harrah's STD benefits pursuant to the Administrative Services Agreement ("ASA") between Harrah's and the Defendant (DN 14-1).

The second letter, sent June 24, 2010, and the third letter, sent July 6, 2010, requested additional proof of Plaintiff's condition and ongoing treatment in order for the Defendant to extend the Plaintiff's STD benefits (DN 31). These letters also reiterated that the Plaintiff's STD benefits were only approved through June 30, 2010 (DN 31).[4]

In the fourth letter, sent August 9, 2010—more than a month after Plaintiff's STD benefits were scheduled to terminate—the Defendant notified the Plaintiff that her STD benefits were terminated because the Defendant received no response from the Plaintiff, her neurologist, or her primary care physician regarding whether or not she had a continuing disability (DN 31). The Defendant's letter also explained: (1) that the Plaintiff could appeal the termination decision; (2) that a successful appeal would render a claim for Plaintiff's LTD benefits automatically filed; and (3) that after the initial appeal for STD benefits, the Plaintiff could file suit under ERISA to challenge the STD benefit termination as it related to her LTD benefits. The termination letter specifically stated (DN 31):

> If you [Plaintiff] choose to appeal our [STD benefit termination] decision and are successful in this appeal, your LTD claim will be considered filed on the date that is 45 days before the end of your LTD Elimination Period, provided you are receiving STD benefits on that date, or, if later, on the date your STD benefits are approved.[5]

In response, Plaintiff alleges that she filed a claim for LTD benefits with the Defendant at some point before her STD benefits were terminated, but again we do not see any proof that she

---

[4] Pursuant to Harrah's STD benefit plan documents and Summary Plan Description, in order to extend STD benefits a benefit participant must provide proof showing: (1) that the participant is under the regular care of a doctor; (2) appropriate documentation of the disabling disorder; (3) and the extent of the disability, including restrictions and limitations preventing the performance of his or her regular occupation. The STD plan booklet also states that "[the Defendant] may request that you send satisfactory proof of a continuing disability, indicating that you are under the regular care of a doctor . . . [which] must be received within 30 days of a request by [the Defendant]." (DN 31).

[5] Defendant's earlier letter to the Plaintiff, sent May 14, 2010, also explained Plaintiff's right to appeal and how the appeals process impacted the Plaintiff's LTD benefits claim (DN 31, 6 n.4).

ever filed a LTD benefits claim (DNs 27 and 31). Plaintiff supports her contention by alleging: (1) that she left the Defendant a voice message on June 9, 2010, inquiring about the status of her alleged LTD benefit claim while her STD benefits were still in effect; and (2) that she emailed the Defendant through its website the following day stating that she "sent in an application to apply for Long Term Disability," but received no reply (DN 27-1).

The Plaintiff further alleges that on October 6, 2010—almost four months after her first LTD benefits inquiry, and subsequent to the Defendant's termination of her STD benefits—the Plaintiff called the Defendant once more regarding the status of her alleged LTD benefits claim (DN 31). It is undisputed that the Defendant responded to this call and advised the Plaintiff that her STD benefits were terminated because she failed to provide any additional proof of her continuing treatment or disability (DN 31). Additionally, the Defendant explained the appeals process available to the Plaintiff—that she had 180 days from receiving the Defendant's August 9, 2010 termination letter to initiate an appeal for STD benefits (DN 31). The Defendant also explained that appealing the STD benefit termination would lead to an automatic filing for LTD benefits when the Plaintiff became eligible for LTD benefits, but that the Plaintiff would only become eligible for LTD benefits after she had been out of work for 180 days (DN 31).

The Defendant explained the STD benefit appeals process and the 180-day STD benefit elimination period several times: (1) over the phone in August 2010; (2) in the letters that the Defendant repeatedly sent the Plaintiff requesting proof of her continuing disability; (3) in Harrah's STD and LTD benefits plan booklet-certificates; (4) in a Summary Plan Description ("SPD"), which was attached to the STD and LTD benefit plan documents; and (5) in a second

SPD that addressed various welfare benefits that Harrah's sponsored, including the STD and LTD benefits (DN 31).[6]

It is undisputed that Plaintiff did not appeal her STD benefit termination within the 180-day window (DN 31). Thus, the Defendant contends that the Plaintiff abandoned the STD benefit administrative review process and filed a Motion to Remand for Full and Fair Review as a means to seek review outside of the window for appeal and to supplement the administrative record well after the time for review had expired (DN 31).

Although several interrelated motions are at issue in this case, the court need only address the Plaintiff's Motion to File an Amended Complaint and the Defendant's Motion for Judgment on the Pleadings.

# I

The court will grant Plaintiff's Motion to Amend the Complaint. Under Rule 15 of the Federal Rules of Civil Procedure, if a party fails to amend a pleading within 21 days after service of a responsive pleading, that party may only amend by seeking leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. However, in deciding whether to allow a party to amend a complaint, the court "should consider the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice

---

[6] Under Harrah's STD plan, the Defendant contends that if the Plaintiff had submitted proof that she was under the regular care of a doctor within 30 days of the Defendant's requests for such information, that the Plaintiff's STD disability benefits could have remained in effect from April 5, 2010, when she first applied for STD benefits, through October 2, 2010, the end of the 180-day elimination period for STD benefits. At the end of the termination period, the Plaintiff's LTD claim would have been automatically filed, as the Plaintiff would have been out of work for the requisite 180 days, and the LTD benefit claim would also have been filed at a time when the Plaintiff was eligible for such benefits (DN 31).

to the opposing party, and futility of amendment" *Perkins v. Am. Elec. Power Fuel Supply*, 246 F.3d 593, 605 (6th Cir. 2001) (*citing Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1129 (6th Cir. 1990)).

The Federal Rules of Civil Procedure provide for a liberal system of notice pleading. *See* Fed. R. Civ. P. 8(a). The Rules "do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is a 'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *E.E.O.C. v. J.H. Routh Packaging Co.*, 246 F.3d 850, 851 (6th Cir. 2001) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Here, Plaintiff's initial Complaint sought to recover STD and LTD benefit payments and alleged: (1) breach of contract under 29 U.S.C. § 1132(a)(1)(B); (2) breach of fiduciary duty under 29 U.S.C. § 1132(a)(3); (3) that attorneys' fees and costs were warranted under 29 U.S.C. § 1132(g); as well as (4) entitlement to pre- and post- judgment interest (DN 1).

The Defendant responded and filed a Motion for Judgment on the Pleadings to dismiss Plaintiff's STD benefits claims (DN 14-1). The Defendant alleged: (1) that the STD benefits are self-funded by Plaintiff's former employer, Harrah's, and not insured by the Defendant; thus the Defendant cannot be liable for STD benefit payments allegedly due to the Plaintiff (DN 14-1); and (2) that Plaintiff's breach of fiduciary duty claim is not viable under 29 U.S.C. § 1132(a)(3) because the remedy for failure to pay benefits due under an ERISA-governed plan requires a claim under ERISA, 29 U.S.C. § 1132(a)(1)(B) (DN 14-1).

On January 13, 2012, with Defendant's motion to dismiss on the pleadings pending, Plaintiff filed a Motion to Amend the Complaint (DN 19-2). In the proposed Amended

Complaint, Plaintiff again alleged a claim for LTD benefit payments from the Defendant, but abandoned the contested claims for STD benefits payments and for the breach of fiduciary duty (DN 23).

In the Plaintiff's motion to amend, Plaintiff contends that her motion will resolve Defendant's pending Motion for Judgment on the Pleadings; that the Defendant requested the Motion to Amend; and that the amendment will not prejudice the Defendant as the case is at an "early stage." (DN 19). Here, although the Defendant contends that it did not consent to Plaintiff's amendments (DN 21, 3), we agree that Plaintiff's proposed Amended Complaint will aid in resolving the Defendant's pending motion, and that the motion to amend was neither filed in bad faith nor prejudicial, as discovery has not commenced. *See Perkins* 246 F.3d at 605. Therefore, the court will grant Plaintiff's Motion to Amend the Complaint.

## II

The court will also grant Defendant's Motion for Judgment on the Pleadings. The Defendant requested that the court defer ruling on this motion until the court ruled on Plaintiff's motion to amend (DN 21, 5). Accordingly, having addressed Plaintiff's motion to amend, the court now addresses the Defendant's motion.

### A.

The Defendant contends that the Plaintiff's Amended Complaint did not abandon the two claims to which the Defendant objected in its Motion for Judgment on the Pleadings (DN 23). The Defendant contends, instead, that the Plaintiff merely pursues the same claims under different legal theories in her Amended Complaint (DN 23).

Plaintiff's Amended Complaint alleges: (1) a state law breach of contract claim to recover STD benefits from the Defendant based on the theory that the STD benefits plan is a payroll practice, which Plaintiff alleges exempts the claim from ERISA preemption; (2) a state law claim for breach of the duty of good faith and fair dealing; and (3) a state law claim for tortious interference with a contract (DN 19-2). Further, the Plaintiff contends that with the Amended Complaint the Defendant's motion to dismiss becomes moot because the complaint removes both claims to which the Defendant objected (DN 18).

The Defendant counter-argues that Plaintiff's Amended Complaint merely "re-wrapped" the claim in the initial complaint for STD benefits allegedly due under ERISA as a state law breach of contract claim, and "re-packaged" the ERISA-governed fiduciary breach claim as state law claims for both breach of the duty of good faith and tortious interference with a contract (DN 23). The Defendant argues that Plaintiff's state law claims are not viable because each state law claim is preempted under ERISA (DN 23).

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The standard to be applied for a Rule 12(c) motion for judgment based on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss based on the complaint. *Poplar Creek Dev. Co. v. Chesapeake Appalachia, LLC.*, 636 F.3d 235, 240 (6th Cir. 2011). The opposing party's pleadings must be taken as true and the motion "may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.* at 241.

Moreover, if the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown the pleader is entitled to relief. *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 677-78 (2008). To withstand a Rule 12(b)(6) motion to dismiss for failure to state a claim, it is not enough that the complaint contains "facts that are 'merely consistent with' a defendant's liability," rather, a plaintiff must allege facts—not legal conclusions or bald assertions—supporting a "plausible" claim for relief." *Id.* at 687 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (1955)). A complaint that offers legal conclusions or a recitation of the elements of a cause of action will not meet this pleading standard. *See id.* at 687. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

Courts must treat motions under 12(b)(6) and 12(c) that rely on evidence outside of the pleadings as motions for summary judgment.[7] However, there is an exception for documents that a "defendant attaches to a motion to dismiss [which] are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (*quoting Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). Additionally, under Rule 10(c), "[a] copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

Here, the Defendant relies on evidence which we consider to be part of the pleadings. *See id.*; *see Amini*, 259 F.3d at 502. The Plaintiff's Amended Complaint references documents that the Defendant attached to its motion to dismiss, including Harrah's employee benefit plan, the Administrative Services Agreement ("ASA") between Harrah's and the Defendant, the SPD that accompanied both the STD and LTD plan documents, and Harrah's master SPD which addresses

---

[7] For the reasons stated herein, the court will not apply Rule 12(d) which states: "On a motion made under 12(c), if matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

a variety of employee welfare benefits, including the STD and LTD benefits (DNs 14-1 and 19-2). Therefore, these documents are part of the pleadings and the Defendant's motion to dismiss will be addressed as such, and not treated as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d).

## B.

The Defendant argues that the state law claims in Plaintiff's Amended Complaint are preempted by ERISA (DN 23). ERISA preempts state law claims which "relate to any employee benefit plan." 19 U.S.C. § 1144(a).[8] The phrase "relate to" is "given its broad common-sense meaning, such that a state law 'relates to' a benefit plan in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Metro. Life Ins Co. v. Massachusetts*, 471 U.S. 724, 739 (1985) (*citing Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97 (1983)). ERISA preempts state law claims regarding ERISA-regulated plans. *Id*. Thus, common law breach of contract and tort claims "based on alleged improper processing of a benefit claim under an employee benefit plan" against the insurance company that issues an employer's group insurance policy fall under ERISA's preemption clause. *See Pilot Life Ins. Co., v. Dedeaux*, 481 U.S. 41, 41 (1987).[9] The preemption provisions under ERISA have "an expansive sweep." *Id.* at 47 (*citing Metro. Life,* 471 U.S. at 740 (1985)). ERISA's preemption provisions were crafted by Congress to provide a "uniform regulatory scheme" and to ensure that employee benefit

---

[8] ERISA section 514(a) provides: "the provisions of this subchapter shall supercede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a).

[9] State common law claims are preempted by federal law for benefits under ERISA-regulated plans as long as the state law cause of action does not regulate insurance under ERISA's savings clause. *See Pilot Life Ins. Co.*, 481 U.S. 41 (1987). Here, the Plaintiff's claims do not regulate insurance. The Plaintiff asserts common law claims for breach of contract, breach of the duty of good faith and fair dealing, and tortious interference with contract (DN 19-2). Therefore, federal preemption analysis will apply and the court need not address ERISA's savings clause.

regulation remains "exclusively a federal concern." *Aetna v. Davila*, 542 U.S. 200, 200 (2004) (*quoting Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 523 (1981)).

The remedies provided under ERISA are a fundamental part of the "careful balancing" between ensuring that rights are enforced under an ERISA-governed benefit plan and encouraging the use of such plans. *Id.* at 215. Any state law cause of action that "duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Id.* at 209 (*quoting Dedeaux*, 481 U.S. at 54)).[10]

Here, the focus of Plaintiff's theory of liability is that the Defendant's decision to terminate Plaintiff's STD benefits claim "was driven by its own financial interest as the insurer and obligor for her long-term disability benefit." (DN 1). The Defendant contends that the Plaintiff retains this theory in her Amended Complaint and simply adds state law claims which are preempted by ERISA because the claims "relate to" and duplicate the relief the Plaintiff sought under ERISA in the initial Complaint (DN 23). In the Amended Complaint (DN 19-2), the Plaintiff alleges:

> Despite not being ultimately financially responsible for the short-term disability wage benefit, [Defendant] had a distinct and significant financial interest. By effectively terminating [Plaintiff's] short-term disability wage benefits, [the Defendant] sought to limit or to otherwise eliminate its financial exposure to [Plaintiff's] LTD claim - a benefit [Defendant] was responsible to pay as the insurer.

---

[10] Unlike "complete preemption" under ERISA section 502, which creates federal removal jurisdiction, "conflict preemption" under ERISA section 514 can be asserted to request dismissal of a state law action that seeks state law remedies which are not permitted by federal law or remedies that exceed those allowed under federal law. *See Metro. Life Ins. v. Taylor*, 481 U.S. 58, 63 (1987). Here, Plaintiff's state law claims against the Defendant fall within the parameters of conflict preemption under ERISA section 514 (DN 23).

> By terminating [Plaintiff's] short-term disability wage benefits, [Defendant] actively sought to benefit its own financial interest by avoiding liability for the LTD income benefit - as opposed to acting as a disinterested third party administrator.

Here, it is undisputed that Plaintiff's claim for LTD benefits is governed by ERISA (DNs 23 and 19-2). The question is whether Plaintiff's state law claims regarding Defendant's denial of STD benefits "relate to" the ERISA-governed LTD benefit plan to preempt the state law claims under ERISA.

The Supreme Court has held that "the question [of] whether a state action is pre-empted by federal law is one of congressional intent. The purpose of Congress is the ultimate touchstone." *Dedeaux*, 481 U.S. at 45.[11] Accordingly, the scope of preemption is not limited to state laws which are specifically directed at or designed to affect benefit plans, or which conflict with ERISA's substantive provisions. *District of Columbia v. Greater Wash. Bd. of Trade*, 506 U.S. 125, 130 (1992) (*citing Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139 (1990)). Preemption applies even if the state law's effect is only indirect. *Id.*

The Defendant argues that the Plaintiff's claim for STD benefits "relates to" the ERISA-governed LTD benefits. The Defendant contends that preemption is appropriate because the Plaintiff alleges that the Defendant denied Plaintiff's STD benefits in order to avoid liability for ERISA-governed LTD benefits. *See Metro. Life*, 471 U.S. at 739. The Defendant relies on the

---

[11] ERISA's express preemption provisions are deliberately expansive: "The bill that became ERISA originally contained a limited pre-emption clause, applicable only to state laws relating to the specific subjects covered by ERISA. The Conference Committee rejected those provisions in favor of the present language, and indicated that section's pre-emptive scope was as broad as its language." *Dedeaux*, 481 U.S. at 46 (*quoting* H.R. Conf. Rep. No. 93-1280, p. 383 (1974)).

- 13 -

"expansive sweep" of ERISA's preemption provision which, under *Metropolitan Life*, broadly defines "related to" preemption as having a "connection with or reference to" an ERISA-governed employee benefit plan. *Id.* at 740.

The Defendant contends that although Plaintiff's state law claims do not necessarily affect the ERISA plan directly, they "relate to" the ERISA-governed LTD benefit plan. The Plaintiff's proposed remedies and theory of liability tie the Defendant's alleged motivation to deny STD benefits to its alleged desire to avoid liability for the ERISA-governed LTD benefits (DN 41). In other words, the Defendant argues that the Plaintiff's allegations regarding the Defendant's motivation to terminate the Plaintiff's STD benefits "relate to" to the ERISA-governed benefit plan at issue (DN 41-1).

Here, Plaintiff's state law claims against the Defendant include: (1) breach of contract for terminating Plaintiff's STD benefits under two contracts—first, the employee benefits contract between the Harrah's and the Plaintiff, in which the Defendant is allegedly included based on its administrative role, and second, the ASA between Harrah's and the Defendant; (2) breach of the duty of good faith and fair dealing against the Defendant for allegedly failing to administer Plaintiff's STD benefits claim fairly and in good faith; and (3) tortious interference with a contract, alleging that the Defendant induced Harrah's to breach its employee benefits contract with the Plaintiff when the Defendant allegedly failed to provide an unbiased review of Plaintiff's STD benefits claim (DN 19-2).

The thrust of Plaintiff's Amended Complaint concerns the denial of benefits that were allegedly due to the Plaintiff under the employee benefits plan (DN 19-2). Even under Plaintiff's characterization of her claims, her claims stem from the alleged improper evaluation and denial

of a claim for benefits under an employee benefit plan, and therefore relate to an ERISA plan under § 514(a). *Dedeaux*, 481 U.S. at 43; *See Garren v. John Hancock Mut. Life Ins. Co.,* 114 F.3d 186, 187 (11th Cir.1997) (noting that a state law claim relates to an ERISA plan for purposes of preemption "whenever the alleged conduct at issue is intertwined with the refusal to pay benefits" or "where the state law claim brought against a non-ERISA entity affects the relationship between the ERISA entities.").

Here, Plaintiff's state law claims "relate to" the ERISA-governed LTD benefit plan. First, Plaintiff's breach of contract claim for the Defendant's termination of Plaintiff's STD benefits "relates to" the ERISA-governed LTD plan because the claim both has a connection with and reference to an ERISA-governed employee benefit plan. *See Metro. Life,* 471 U.S. at 740. Second, the breach of the duty of good faith and fair dealing claim regarding the Defendant's role as the claims administrator is preempted because the Supreme Court has held that ERISA's specific breach of fiduciary duty provision presumes that other remedies were deliberately omitted from the statute. *Dedeaux*, 481 U.S. at 53-54 (noting that "Congress [] enacted a comprehensive legislative scheme . . . of integrated procedures for [ERISA] enforcement."). Third, Plaintiff's tortious interference with a contract claim regarding the Defendant's alleged improper denial of a claim under an employee benefit plan and failure to provide an unbiased review of Plaintiff's STD benefit claim relates to an ERISA plan under § 514(a) because it is based on the refusal to pay benefits under the policy and is intertwined with the refusal to pay benefits. *Dedeaux*, 481 U.S. at 43; *See Garren,* 114 F.3d at 187. Therefore, the Plaintiff's state law claims are preempted by ERISA.

A separate order will be entered this date in accordance with this opinion.

November 19, 2012



**Charles R. Simpson III, Judge**
**United States District Court**

- 16 -