UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DENISE R. BASHAM                                                      PLAINTIFF

v.                                         CIVIL ACTION NO. 3:11-CV-00464-CRS

PRUDENTIAL INSURANCE
COMPANY OF AMERICA                                                    DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the following motions:

    1) Plaintiff Denise R. Basham's ("Basham") Motion for Judgment as a Matter of Law (DN 72);

    2) Basham's Motion for Hearing regarding her Motion for Judgment as a Matter of Law (DN 73);

    3) Defendant Prudential Insurance Company of America's ("Prudential") Motion to Exclude Evidence from Outside the Administrative Record (DN 76);

    4) Basham's Motion for Leave to File a Sur-Reply to Prudential's Reply in Support of its Motion to Exclude Evidence from Outside the Administrative Record (DN 80);

    5) Prudential's Motion for Leave to File a Sur-Reply to Basham's Reply in Support of her Motion for Judgment as a Matter of Law (DN 81).

For the reasons set forth in this opinion, the Court will deny the motion for judgment as a matter of law, and will instead remand to Prudential for a full and fair review of Basham's Long-Term Disability claim. As explained below, this disposition will moot the remaining motions submitted for the Court's decision.

**BACKGROUND**

Unless otherwise indicated, the following facts are undisputed. Basham is a former employee of Harrah's Operating Company, Inc. ("HOC"), where she worked as a retail supervisor. As part of its employee benefits program, HOC sponsored Short-Term Disability ("STD") as well as Long-Term Disability ("LTD") benefits. While Prudential both administers and insures HOC's LTD benefits, HOC self-insures its STD benefits, for which Prudential merely acts as administrator.

On April 6, 2010, Basham was forced to stop working due to a variety of medical issues, including depression, anxiety, migraines, irritable bowel syndrome, muscle pain, and an inability to concentrate. In accordance with Prudential's instructions, Basham shortly thereafter filed a claim for STD benefits by submitting an Attending Physician's Statement ("APS"), an Employee's Statement, and an Employer's Statement.[1] After reviewing Basham's application, Prudential informed her by letter dated April 16, 2010, that her STD benefits had been approved beginning April 21, 2010, and continuing through May 18, 2010. On May 10, 2010, Basham's Attending Physician Dr. Ellen Knox ("Dr. Knox") submitted a second APS listing Basham's expected return-to-work date as July 1, 2010. Based on the second APS, Prudential informed Basham by letter dated May 14, 2010, that her STD benefits had been extended until June 30, 2010, at which point they would expire. Also included in the letter was information regarding Basham's right to appeal Prudential's determination as well as an explanation of the procedures necessary for doing so.

On June 8, 2010, Basham attempted to apply for LTD benefits by faxing Prudential another APS prepared by Dr. Knox which changed her expected return-to-work date to "unable

---

[1] The record is unclear regarding the order in which Basham submitted these items, or whether Prudential actually obtained some of these items on Basham's behalf. However, it is undisputed that Prudential received all forms necessary to properly file Basham's claim for STD benefits.

[to determine] at this time." (D107–09). On June 9, 2010, Basham called Prudential to confirm that it had received her fax. After a Prudential representative confirmed that Prudential had received the APS, Basham asked to speak to Prudential's Disability Claims Manager Russell Lashua ("DCM Lashua") about her claim for LTD benefits, at which point the representative transferred Basham to DCM Lashua's voicemail.

Having not heard back from DCM Lashua, on June 10, 2010, Basham emailed Prudential to once again inquire about the status of her LTD claim. In her e-mail, Basham specifically stated that "I have sent in an application to apply for Long Term Disability faxed from Dr. Ellen Knox on June 8, 2010." (D170). That same day, Prudential Representative Eileen Valentino responded to Basham's e-mail stating that "the information you provided for claim number 11324364[2] was forwarded to the claims manager for review." (D170–71).

On June 24, 2010, DCM Lashua left a message on Basham's voicemail acknowledging receipt of the APS on June 8, 2010, but requesting additional medical documentation to support Basham's claim that she would remain disabled beyond June 30, 2010. That same day, Prudential sent Basham a letter informing her that additional medical support would be required within 15 days in order to re-open her STD claim. At no point in either the voicemail or the letter did DCM Lashua inform Basham that additional medical evidence would be required in order for her to proceed with her LTD claim.

On July 6, 2010, DCM Lashua sent Basham an identical letter once again instructing her to provide additional medical documentation in support of her STD claim. Like the letter dated June 24, 2010, this letter made no mention of Basham's LTD claim and did not inform her that additional medical evidence would be required in order for her to proceed with her LTD claim. On August 9, 2010, DCM Lashua sent a final letter to Basham informing her of Prudential's

---

[2] This is the claim number for Basham's STD claim.

denial of her claim for STD benefits and providing information related to the procedures for filing an appeal. Once again, this letter made no mention of Basham's LTD claim.

## PROCEDURAL HISTORY

On August 16, 2011, Basham filed the present action against Prudential seeking recovery of past-due STD and LTD benefit payments, as well as attorneys' fees, costs, and pre- and post-judgment interest, based on the following legal theories: 1) breach of contract under 29 U.S.C. § 1132(a)(1)(B); (2) breach of fiduciary duty under 29 U.S.C. § 1132(a)(3); and 3) entitlement to attorneys' fees and costs under 29 U.S.C. § 1132(g). (DN 1).

On December 6, 2011, Prudential filed a motion for judgment on the pleadings arguing that: 1) Basham's STD benefits are self-funded by HOC, meaning that Prudential is not responsible for payment thereof and thus cannot be liable for STD benefit payments allegedly owed to Basham; and (2) that Basham's breach of fiduciary duty claim is not viable under 29 U.S.C. § 1132(a)(3) because the remedy for failure to pay benefits due under an ERISA-governed plan requires a claim under 29 U.S.C. § 1132(a)(1)(B). (DN 14).

On January 13, 2012, prior to the resolution of Prudential's Motion for Judgment on the Pleadings, Basham filed a motion to amend complaint wherein she voluntarily abandoned her breach of contract claim with respect to STD benefit payments as well as her claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3). (DN 23). In lieu thereof, Basham's Amended Complaint asserted state common law claims for breach of duty of good faith and fair dealing and tortious interference with contract. As a result, Basham's only remaining claims were her claim for LTD benefits, her claim for attorneys' fees and cost under 29 U.S.C. § 1132(g), and the substituted state-law claims.

On February 20, 2012, Basham filed a motion to remand for a full and fair review of her LTD claim. (DN 27). In response, Prudential filed a motion for summary judgment arguing that Basham failed to exhaust her administrative remedies with respect to her LTD claim. (DN 32).

After extensive discovery, on November 20, 2012, the Court addressed the above-mentioned motions in a Memorandum Opinion. (DN 61). While granting Basham's Motion to Amend Complaint to the extent it withdrew her claim for STD benefits and her breach of fiduciary duty claim under 29 U.S.C. § 1132(a)(3), we held that Basham's substituted state-law claims were preempted by ERISA. Concluding that they were mooted by this disposition, we refused to consider Basham's Motion to Remand for Full and Fair Review as well as Prudential's Motion for Summary Judgment.

On May 31, 2013, Basham filed a motion for judgment as a matter of law (DN 72), as well as a motion for a hearing thereon (DN 73), arguing that there was no genuine dispute of material fact regarding her entitlement to LTD benefits. In support of her motion, Basham attached several documents which were not included in the Administrative Record. In response, Prudential filed a motion to exclude evidence from outside the administrative record arguing that the Court's decision on Basham's Motion for Judgment as a Matter of Law must be based exclusively on materials contained in the Administrative Record. (DN 76). After extensive briefing on these motions, Basham filed a motion for leave to file a sur-reply (DN 80) with respect to Prudential's Motion to Exclude Evidence from Outside the Administrative Record, and Prudential filed a motion for leave to file a sur-reply (DN 81) with respect to Basham's Motion for Judgment as a Matter of Law.

Having considered the parties' briefs and being otherwise sufficiently advised, the Court will now address the motions submitted for decision.

**STANDARD**

The Secretary of Labor has defined the minimum requirements for employee-benefits claims procedures as including reasonable procedures for the filing of claims, notification of decisions, and appeals. 29 C.F.R. § 2560.503-1(a)–(b). Reasonable claim procedures are procedures that "do not contain any provision, and are not administered in any way, that unduly inhibits or hampers the initiation or processing of claims for benefits." 29 C.F.R. § 2560.503-1(b)(3). Importantly, ERISA regulations require the claims administrator to notify a claimant of an adverse benefit determination within forty-five (45) days of receiving a claim for disability benefits. 29 C.F.R. § 2560.503–1(f)(3).

Furthermore, pursuant to 29 C.F.R. § 25 60.503–1(h)(1), every employee benefits plan must have a procedure under which the participant can appeal an adverse benefit determination and have the opportunity for a full and fair review of the decision. "[T]he claims procedures of a plan will not be deemed to provide a claimant with reasonable opportunity for a full and fair review of a claim and adverse benefits determination unless the claim procedures" provide the following:

> (1) 180 days to appeal the determination;
>
> (2) an opportunity for the claimant to "submit written comments, documents, records, and other information relating to the claim for benefits;"
>
> (3) access, upon request by the claimant, to all information relevant to his or her claim;
>
> (4) a "review that takes into account all comments, documents, records, and other information submitted by the claimant relating to the claim, without regard to whether such information was submitted or considered in the initial benefit determination";
>
> (5) a review that does not afford deference to the initial adverse benefit determination;
>
> (6) identification of medical experts consulted; and
>
> (7) consultation by a medical consultant who was not consulted in connection with the adverse benefit determination.

*See* 29 C.F.R. § 2560.503–1(h)(2) & (3).

**DISCUSSION**

Three considerations have persuaded the Court that remand to Prudential for a full and fair review of Basham's LTD claim is both necessary and appropriate. First, contrary to Prudential's repeated objections, Basham properly filed her LTD claim for Prudential's review. Second, despite the fact that it was properly filed, and in direct violation of ERISA regulations, Prudential never rendered a decision on Basham's LTD claim. Finally, as a result of the foregoing, the administrative record contains little information related to Basham's LTD claim, making remand to Prudential for further development thereof particularly appropriate.

**i. Basham properly filed her LTD claim**

Perhaps the most vigorously contested issue in this case has been whether Basham properly filed her LTD claim by complying with Prudential's requirements for doing so. According to Prudential, Basham did not properly file her LTD claim because she failed to successfully appeal its denial of her STD claim. While conceding that she did not successfully appeal Prudential's denial of her STD claim, Basham argues that she nevertheless complied with Prudential's requirements for filing an LTD claim by submitting an APS, Employee's Statement, and Employer's Statement specifically directed to her LTD claim. In response, Prudential argues that, even were this the proper method for filing an LTD claim, Basham failed to submit an Employer's Statement and therefore did not properly file her LTD claim.

Despite Prudential's arguments to the contrary, the Administrative Record supports Basham's argument that she properly filed her LTD claim. Although not itself part of the Administrative Record, a document entitled "Disability Claim Instructions" clearly establishes that the only requirement for filing an LTD claim is the proper filing of an STD claim. Specifically, the document states in pertinent part that:

7

> If you have Short-Term Disability (STD) coverage with Prudential, your claim for STD benefits will be considered filed, when you meet both of these two criteria: 1) We receive the Employee's Statement, the Employer's Statement, and the Attending Physician's Statement; 2) Your STD elimination period has started.
>
> If you have Long-Term Disability (LTD) coverage with Prudential, your claim for LTD benefits will be considered filed, when you meet both of these two criteria: 1) We receive the Employee's Statement, the Employer's Statement, and the Attending Physician's Statement; 2) The date is 45 days before the end of your LTD elimination period.
>
> *If you have both STD and LTD coverages with Prudential, and you have filed a claim for STD, there is no need to resubmit the statements noted above for the LTD portion of your claim.* Your claim for LTD benefits, in this case, will be considered filed, when you meet both of these two criteria: 1) We receive the Employee's Statement, the Employer's Statement, and the Attending Physician's Statement; 2) The date is 45 days before the end of your LTD elimination period.

(Disability Claim Instructions, DN 72-10, at 1) (emphasis added) (edited for clarity). While not disputing that it created this document, Prudential argues that the Court should refuse to consider it in determining whether Basham properly filed her LTD claim because it is not contained in the Administrative Record and therefore not properly considerable to the extent the Court's review must be restricted to the four corners of the Administrative Record.

Although Prudential is correct that the document itself is not contained in the Administrative Record, the Court nevertheless concludes that it is properly considerable in determining whether Basham properly filed her LTD claim. In its letter dated May 14, 2010, Prudential referred Basham to its website http://www.prudential.com/mybenefits for information related to her claim for disability benefits. Notably, this same website address appears not only in this letter, but also in the header of *every single letter* Prudential sent to Basham regarding her disability benefits, as well as the header of the critical "Disability Claim Instructions" document. Although neither Basham nor Prudential so suggest, the Court can only presume that Basham

obtained the "Disability Claims Instructions" document from this website. The document is clearly intended to provide information for disability claimants, and thus would most likely be located on a website specifically designed for use by disability claimants. Furthermore, it is common practice for web developers to include the web address from which a document is obtained in either the header of footer of the document as a means of identifying the document's source. Based on these considerations, as well as the fact that Prudential's logo and copyright information appears throughout the document, the Court concludes that Prudential referred Basham to the document and therefore must abide by its terms. Because the document is highly relevant, Prudential cannot now expect the Court to ignore it in determining whether she properly filed her LTD claim.

Based on the plain language of the "Disability Claims Instructions" document, the Court concludes that Basham properly filed her LTD claim. As clearly stated therein:

> If you have both STD and LTD coverages with Prudential, and you have filed a claim for STD, there is no need to resubmit the statements noted above for the LTD portion of your claim. Your claim for LTD benefits, in this case, will be considered filed, when you meet both of these two criteria: 1) We receive the Employee's Statement, the Employer's Statement, and the Attending Physician's Statement; 2) The date is 45 days before the end of your LTD elimination period.

Because it is undisputed that Basham properly filed her STD claim by submitting an APS, Employee's Statement, and Employer's Statement, her LTD claim should have been "considered filed" along with STD claim.[3] Therefore, Prudential's argument that Basham failed to properly file her LTD claim is unavailing.

---

[3] As Prudential has pointed out several times in its briefs, this Court previously determined that "we do not see any proof that [Basham] ever filed a LTD benefits claim." (Memorandum Opinion, DN 61, at 4–5). Importantly, however, this statement was made before Plaintiff had provided the critical "Disability Claims Instructions" document clearly outlining the requirements for filing an LTD claim. Without this document, the Court could not have possibly divined that there was an alternative method for filing an LTD claim other than successfully appealing the denial of STD benefits. Accordingly, the Court will not bind itself to this prior determination.

**ii. Prudential violated applicable ERISA regulations by failing to render a decision on her LTD claim**

Having properly filed her LTD claim, Basham was entitled to a decision thereon pursuant to 29 C.F.R. § 2560.503–1(f)(3)'s provision that "[i]n the case of a claim for disability benefits, the plan administrator shall notify the claimant… of the plan's adverse benefit determination within a reasonable period of time, but not later than 45 days after receipt of the claim by the plan." Furthermore, 29 C.F.R. § 2560.503–1(g) requires that "[t]he notification shall set forth, in a manner calculated to be understood by the claimant:

> (i) The specific reason or reasons for the adverse determination;
> 
> (ii) Reference to the specific plan provisions on which the determination is based;
> 
> (iii) A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary;
> 
> (iv) A description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of the Act following an adverse benefit determination on review…

Although Prudential fully complied with these provisions in rendering its decision on Basham's STD claim, it wholly failed to do so with respect to her LTD claim. Thus, Basham never received notice of Prudential's adverse determination on her LTD claim, the reasons therefor, or a request for additional material information necessary to perfect her claim. Because this failure clearly violated applicable ERISA regulations, the only remaining question is the appropriate remedy.

**iii. The proper remedy for Prudential's violation of 29 C.F.R. § 2560.503–1(f)(3) is remand to Prudential for a full and fair review of Basham's LTD claim**

Having determined that Basham properly filed her LTD claim and that Prudential violated 29 C.F.R. § 2560.503–1(f)(3) by failing to render a decision thereon, the question now becomes how to remedy the resulting stalemate between the parties. There are two possible alternatives:

we could either remand to Prudential for a full and fair review of Basham's LTD claim or render a *de novo* determination regarding Basham's entitlement to LTD benefits. For reasons similar to those set forth in *Hackney v. Lincoln Nat. Life Ins. Co.*, No. 3:11-CV-268-TBR, 2012 WL 13343 (W.D. Ky. Jan. 4, 2012), the Court will remand to Prudential for a full and fair review of Basham's LTD claim.

In *Hackney*, the plaintiff filed suit against the claims administrator following its failure to render a decision on his claim for LTD benefits. *See id.* at *2. Because the administrator's failure to render a decision amounted to a clear violation of 29 C.F.R. § 2560.503–1(f)(3), the only question was the appropriate remedy. While the plaintiff argued that the court should make a *de novo* determination regarding his eligibility for LTD benefits, the claims administrator argued that the court should remand the case for a decision on the plaintiff's LTD claim in the first instance. In concluding that remand was appropriate, the court relied heavily on *Elliot v. Metro. Life Ins. Co.*, 473 F.3d 613 (6th Cir. 2006), and *Shelby Cnty. Healthcare Corp. v. Majestic Star Casino, LLC Group Health Benefit Plan*, 581 F.3d 355 (6th Cir. 2009).

"*Elliott*… stands for the proposition that remand [to the claims administrator] is the appropriate remedy where a claimant is denied LTD benefits because of a problem 'with the integrity of [the plan's] decision-making process....'" *Hackney*, 2012 WL 13343 at *4 (quoting *Elliot*, 473 F.3d at 622). In *Elliott*, the plaintiff sued her claims administrator following its denial of her claim for LTD benefits as well as her subsequent appeal. After reviewing the administrator's decisionmaking process, the Sixth Circuit held that its denial of the plaintiff's LTD benefits was arbitrary and capricious insofar as it "was neither deliberate nor based on reasoning." *Elliot*, 473 F.3d at 621. Having so held, the court next addressed whether it should either "award benefits to the claimant or remand to the plan administrator." *Id.* Ultimately, the

11

court chose to remand to the administrator, explaining that "*where the problem is with the integrity of the plan's decision-making process*, rather than that a claimant was denied benefits to which he was clearly entitled, the appropriate remedy generally is remand to the plan administrator." *Id.* at 622 (internal quotation marks and alterations omitted) (emphasis added). In *Hackney*, the court cited *Elliot* for the proposition that "[w]here an insurance company's decision-making process was plagued by procedural errors, the claim should be remanded for a more complete review." *Hackney*, 2012 WL 13343 at *4. Accordingly, the court concluded that the administrator's failure to render a decision on the plaintiff's LTD benefits warranted remand for a full and fair review. *See id.* at 4–5.

In addition to *Elliott*, *Hackney* also relied heavily on the Sixth Circuit's decision in *Shelby Cnty. Healthcare Corp. v. Majestic Star Casino, LLC Group Health Benefit Plan*, 581 F.3d 355 (6th Cir. 2009). In *Majestic Star*, the court followed *Elliott* in holding that "[r]emand ... is appropriate in a variety of circumstances, particularly where the plan administrator's decision suffers from a procedural defect or the administrative record is factually incomplete." *Id.* at 373. Specifically, the court enumerated three circumstances in which remand is appropriate:

> First, a claim should be remanded where "the plan administrator fails to comply with ERISA's appeal-notice requirements in adjudicating a participant's claim ... 'so that a full and fair review can be accomplish.'" Second, a claim should be remanded where "the plan administrator merely 'fail[ed] ... to explain adequately the grounds of [its] decision.'" Finally, outside of "procedural irregularities, an incomplete factual record provides a basis to remand the case to the plan administrator."

*Hackney*, 2012 WL 13343 at *5 (quoting *Majestic Star*) (citations omitted).

In *Hackney*, the court concluded that "[a]ll three remand-warranting situations outlined in *Majestic Star* are present in this case." *Hackney*, 2012 WL 13343 at *5. First, the court noted that, "although this is a not a case where a plan administrator violated ERISA's appeal-notice

requirements, it is a situation in which the plan administrator violated ERISA's initial notice requirement contained in 29 C.F.R. § 2560.503–1(f)(3)." Reasoning that there was no justification for treating such a violation differently from procedural violations related to an administrative appeal, the court concluded this factor weighed in favor of remand. *Id.* Second, to the extent "[the] plan administrator never rendered a benefits determination," the court concluded that the claims administrator had failed to adequately explain the grounds therefor. *Id.* Finally, the court explained that "this case is in a nascent stage with only a partial administrative record," meaning that "[a]ny *de novo* decision… would necessarily involve evidentiary matters that would best be resolved by the administrative process conducted by the claims administrator." *Id.* Based on these considerations, the court explained that "remand to the claims administrator for a full review consistent with the terms of the policy is the best remedy for a violation of the ERISA regulations resulting from an employee's procedural error." *Hackney*, 2012 WL 13343 at *4. Accordingly, the court remanded to the claims administrator for a full and fair review of the plaintiff's LTD claim.

Like *Hackney*, all three remand-warranting situations outlined in *Majestic Star* weigh in favor of remanding Basham's LTD claim to Prudential for a full and fair review. First, Prudential clearly failed to comply with ERISA's initial-notice requirement insofar as it never notified her regarding its "decision" on her LTD claim. Although it is true that *Majestic Star* only referenced an administrator's failure to comply with ERISA's appeal-notice requirement, the Court agrees with *Hackney* that there is no significant distinction between the two that might justify treating them differently. Second, by failing to render a decision in the first place, Prudential certainly did not "explain adequately the grounds of [its] decision." Finally, although the record is replete with information related to

13

Basham's STD claim, there is considerably less information concerning her LTD claim. Indeed, beyond Basham's initial application materials, there is nothing in the record related to Basham's LTD claim. Without a more developed factual record, remand is particularly appropriate because the Court lacks both the information and expertise necessary to make a decision on Basham's LTD claim in the first instance.

Accordingly, **IT IS HEREBY ORDERED** that Basham's Motion for Judgment as a Matter of Law is **DENIED**, and that this matter shall be **REMANDED** to Prudential for a full and fair review of Basham's LTD claim consistent with the terms of the policy. As a result, the following motions submitted for the Court's decision are hereby **DISMISSED AS MOOT**:

1) Basham's Motion for Hearing regarding her Motion for Judgment as a Matter of Law (DN 73);
2) Prudential's Motion to Exclude Evidence from Outside the Administrative Record (DN 76);
3) Basham's Motion for Leave to File a Sur-Reply to Prudential's Reply in Support of its Motion to Exclude Evidence from Outside the Administrative Record (DN 80);
4) Prudential's Motion for Leave to File a Sur-Reply to Basham's Reply in Support of her Motion for Judgment as a Matter of Law (DN 81).

                                            Charles R. Simpson III, Senior Judge
                                                United States District Court

February 21, 2014