UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

Denise R. BASHAM,                                                                                        PLAINTIFF

v.                                                                         CIVIL ACTION NO. 3:11-cv-00464-CRS

PRUDENTIAL INSURANCE COMPANY of AMERICA                                           DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court on motion of Plaintiff, Denise R. Basham ("Basham"), for attorney fees pursuant to 29 U.S.C. § 1132(g)(1) following this Court's order of remand to Defendant, Prudential Insurance Company of America ("Prudential"), for a full and fair review of Basham's Long-Term Disability ("LTD") claim. DN 88; DN 87. For the reasons set forth below, we will grant Plaintiff's motion.

**I. Background**

The facts of this case were set forth in this Court's prior "Memorandum Opinion and Order Denying Plaintiff's Motion for Judgment as a Matter of Law and Remanding the Matter for Full and Fair Review" on February 4, 2014. DN 87; *Basham v. Prudential Ins. Co. of Am.*, No. 3:11-CV-00464-CRS, 2014 WL 708491 (W.D. Ky. Feb. 24, 2014). In that opinion, the Court denied Plaintiff's motion for judgment but found that Plaintiff had properly filed an LTD claim that Defendant never rendered a decision on in violation of 29 C.F.R. §§ 2560.503-1(f)(3), 2560.503-1(g). We accordingly remanded the matter to Prudential for full and fair review of the LTD claim. In the present motion, Plaintiff requests an award of attorney fees and costs based on our decision to remand and pursuant to 29 U.S.C. § 1132(g).

**II. May the Court Allow Reasonable Attorney Fees and Costs in this ERISA Action?**

We begin with ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1), which provides that, when a plan participant is successful in an action such as this one, "the court in its discretion *may* allow a reasonable attorney's fee and costs of action to either party." (emphasis added). This discretion is not unlimited, however, as the Supreme Court has laid down "proper markers" to guide a court in determining *how successful* the plan participant must be. *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255, 130 S. Ct. 2149, 2158, 176 L. Ed. 2d 998 (2010).

In *Hardt*, the Supreme Court ruled that a court may award attorney's fees under this provision only if a claimant has shown "some degree of success on the merits." *Id.* (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694, 103 S.Ct. 3274, 77 L.Ed.2d 938 (1983)). It expounded:

> A claimant does not satisfy th[e some-degree-of-success] requirement by achieving "trivial success on the merits" or a "purely procedural victor[y]," but does satisfy it if the court can fairly call the outcome of the litigation some success on the merits without conducting a "lengthy inquir[y] into the question whether a particular party's success was 'substantial' or occurred on a 'central issue.'"

*Id* (quoting *Ruckelshaus*, 463 U.S. at 688, n. 9, 103 S.Ct. 3274). Nevertheless, the Court did not decide "whether a remand order, without more, constitutes some success on the merits under this standard." *Id*. at 256. And because the current action ultimately resulted in "a remand order, without more," this issue is central to Basham's request for attorney fees and costs.

Fortunately for Basham, courts within the Sixth Circuit are willing to find that a remand order constitutes "some success on the merits." *See Thies v. Life Ins. Co. of N. Am.*, 839 F. Supp. 2d 886, 890-91 (W.D. Ky. 2012) ("In the Sixth Circuit, a remand, alone, constitutes 'some success on the merits.'"); *Bellefleur v. Hayman Co.*, No. 11-13155, 2013 WL 3771373, at *4 (E.D. Mich. July 17, 2013); *Hayden v. Martin Marietta Materials, Inc.*, No. 5:11-CV-00116,

2012 WL 5362871, at *3 (W.D. Ky. Oct. 31, 2012); *Mullins v. Prudential Ins. Co. of Am.*, No. 3:09-CV-371-S, 2012 WL 1067898, at *3 (W.D. Ky. Mar. 29, 2012); *Potter v. SABIC Innovative Plastics US, LLC*, 2011 WL 4852334, *3, 2011 U.S. Dist. LEXIS 118604, *7 (S.D. Ohio 2011); *Bio–Medical Applications of Ky., Inc. v. Coal Exclusive Co.*, LLC, 2011 WL 3568249, *2, 2011 U.S. Dist. LEXIS 91187, *7 (E.D. Ky. 2011); *Bowers v. Hartford Life & Accident Ins. Co.*, 2010 WL 4117515, *2, 2010 U.S. Dist. LEXIS 114663, *6 (S.D. Ohio 2010). More succinctly stated, they have held that a claimant achieves "some degree of success on the merits" by obtaining a remand based on an administrator's failure to comply with ERISA guidelines. *Potter*, 2011 WL 4852334, at *3 (citing *McKay v. Reliance Standard Life Ins. Co.*, 428 F. App'x 537, 546 (6th Cir. 2011)). And thus, bolstered by the reality that it was Prudential's failure to respect its own "Disability Claims Instructions" that necessitated this litigation and the attendant fees in question, we see no reason to depart from these cases. *See Elliott v. Metro. Life Ins. Co.*, No. CIV.A. 04-174-DLB, 2007 WL 1558519, at *1 (E.D. Ky. May 29, 2007). Our remand order constitutes some success on the merits for Basham.

Notwithstanding this pattern, Prudential asks the Court to adopt a wait-and-see approach that would have us withhold resolution of the attorney-fees issue until we know the outcome of her underlying claim Basham for disability benefits. DN 91, p. 3. Yet, the cases Prudential cites in advocating for this method are doubtful in their applicability or value here. *See McQueary v. Conway,* 614 F.3d 591, 601 (6th Cir. 2010) (a pre-*Hardt* decision discussing attorney fees under 42 U.S.C.A. §§ 1983, 1988(b)); *McCollum v. Life Ins. Co. of N. Am.*, No. 10-11471, 2013 WL 308978, at *1 (E.D. Mich. Jan. 25, 2013). In contrast, we find it the better view that a claimant has seen "success on the merits" if her case is remanded for further consideration, regardless of her ultimate eligibility for benefits. *McKay*, 428 F. App'x at 546. The appropriate inquiry is

whether she succeeded on the merits of her appeal to this Court, not on an underlying claim we do not here decide. To that end, our holding that Prudential violated ERISA regulations and that a remand is appropriate governs the outcome here.

In short, that we have remanded Basham's LTD claim for "full and fair review" is sufficient to warrant a finding that she has obtained "some degree of success on the merits." Therefore, *Hardt* dictates that we may consider an award of attorney fees and costs in this case, and we will decide whether to do so below.

### III. Will the Court Allow Reasonable Attorney Fees and Costs in this Action?

After a court determines that it may appropriately award attorney fees in a case before it, it should consider the following factors in deciding whether to do so:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

*Sec'y of Dep't of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985) (citations omitted). These factors, conveniently called the *King* factors, are not statutory, however, and need not be parsed as though they were. *Foltice v. Guardsman Products, Inc.*, 98 F.3d 933, 937 (6th Cir. 1996). They simply summarize considerations that have sometimes been deemed significant in other cases and "represent a flexible approach; none of them is necessarily dispositive." *Id*. (citation omitted).

The first factor in weighing an award of attorney fees is the degree of Prudential's culpability or bad faith. Basham has not alleged any bad faith, however, so this factor's influence on our decision is contingent upon "the degree of [Prudential's] blameable, culpable

behavior." *Gard v. Blankenburg*, 33 F. App'x 722, 731 (6th Cir. 2002). And before we so inquire, we note, in the interest of prudence, that the degree-of-culpability factor does not inevitably favor an award of attorney fees when a case is remanded – a conclusion that would "essentially equate the first *King* factor with a litigant's degree of success on the merits." *Geiger v. Pfizer, Inc.*, 549 F. App'x 335, 339 (6th Cir. 2013). Indeed, the Court must consider the "degree" of Prudential's culpability in light of the record and *then* make our determination.

Doing so, we find that this factor weighs in favor of awarding fees because Prudential's ERISA violation was marked with ignorance and unassailability. Basham attempted to apply for LTD benefits by following instructions contained on Prudential's website and faxing an Attending Physician's Statement ("APS") to Prudential in early June 2010. Before that month expired, on June 24, Prudential left her a voicemail acknowledging receipt of the APS and sent her a letter informing her that additional documentation was needed support her *STD* claim beyond June 30. Prudential sent an identical letter on July 6, 2010. Critically, however, none of Prudential's correspondence mentioned Basham's LTD claim. Based on these facts, we found that Prudential violated ERISA through its failure to recognize that Basham had appropriately filed her *LTD claim* and, accordingly, render a decision on it within 45 days of the APS fax – the act that completed the filing.

Prudential asserts that it was minimally culpable, however, because it believed that Basham had not met the requirements for submitting an LTD claim under her plan. But, inexcusably, this belief was wrong, as Prudential overlooked the "Disability Claim Instructions" on its own website – instructions that provided Basham with a method of applying for LTD benefits that she *had* satisfied, instructions on a website that it referred Basham to in every letter it had sent to her regarding disability benefits. These instructions were clearly intended to

provide information for disability claimants, and an administrator cannot justify fighting tooth-and-nail with a claimant who followed them. Not to mention, that Basham did attempt to stall this litigation in the interest of resolution, something that Prudential appears to have had no interest in. Thus, Prudential's actions and omissions necessitated a large segment of the fees in question. We find that its level of culpability militates in favor of an award.

Next, neither party disputes that Prudential is able to satisfy an award. While the Court accepts this, we nonetheless acknowledge that this factor is not dispositive. *Firestone Tire & Rubber Co. v. Neusser*, 810 F.2d 550, 557-58 (6th Cir. 1987).

Moving on, courts in this circuit have recognized that the third factor – the deterrent effect of a fee award on other plan administrators – is likely to have more significance in a case where the defendant is "highly culpable" or where "deliberate misconduct is in the offing." *Geiger*, 549 F.App'x at 339; *Foltice,* 98 F.3d at 937. So here, where we do not have a case involving a an administrator's *deliberate refusal* to permit a plaintiff to apply for benefits, *Bellefleur*, 2013 WL 3771373, at *6, an administrator's *inadequate review* of the administrative record, *Mullins*, 2012 WL 1067898, at *4, or an administrator's *arbitrary decision*, *Moon v. Unum Provident Corp.*, 461 F.3d 639, 645 (6th Cir. 2006), the Court questions what deterrent effect an award would have. Prudential's failure is not necessarily an action of an organization that need be punished in this case or deterred in others.

What is more, whether the facts of this case would serve any deterrent value on others is debatable given the unique facts of this case. *See Moon*, 461 F.3d at 642. We can find no other case ordering a remand based on a plan administrator's failure to recognize that a claim application had been filed – especially where the administrator reached out to the claimant

several times.[1]  Yet, on a macro level, such an award will encourage other plan administrators to ensure that their plans' policy provisions match the terms of their referenced materials. Accordingly, we find that this factor weighs neither for nor against an award of attorney fees.

Turning to the fourth factor – whether the beneficiary sought to confer a "common benefit" on other plan participants or resolve significant legal questions regarding ERISA – we find that it weighs against an award of attorney fees in this case.  Courts have generally weighed this factor against an attorney-fee award where the claimant seeks benefits only for herself. *Shelby Cnty. Health Care Corp. v. Majestic Star Casino*, 581 F.3d 355, 377 (6th Cir. 2009) (citing *Gaeth*, 538 F.3d at 532).  Here, there has been no showing that any other participant in Harrah's plan was in the same position in Basham or that any other participant would obtain a redetermination of a similarly adverse benefits decision as a result of her obtaining a remand. Simply put, Basham's challenge was to secure benefits only for herself.  Equally important, we broke no legal ground in determining that Prudential must abide by the terms of a document that it referred a participant to.  For both reasons, this factor weighs against an award of fees.

Finally, we find that both sides' positions have merit and, thus, the last factor weighs neither in favor of nor against awarding attorney's fees.  Even though Prudential's position on the LTD claim was not sufficiently persuasive on the merits to succeed at this stage, our precedents instruct us that our ordering a remand is not determinative of this factor. *O'Callaghan v. SPX Corp.*, 442 F. App'x 180, 186 (6th Cir. 2011).  And a quick review reveals that our decision to remand turned on a single document – the "Disability Claim Instructions" – that reflects terms different than those in Harrah's plan and was never made a part of the administrative record below.  Prudential's motion to exclude this document based on the rule

---

[1] Seemingly similar, *Bellefleur* is distinguishable because, there, the administrator deliberately refused to let the plaintiff apply for benefits. *Bellefleur*, 2013 WL 3771373, at *2.

that, "generally, a district court, in adjudicating the merits of an ERISA denial of benefits claim, cannot consider evidence outside of the administrative record," *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 619 (6th Cir.1998), although unsuccessful, was not without merit.

But even accepting that Prudential's position had *some* merit, it is not enough for this factor to weigh in Prudential's favor. Viewing their actions another way, Prudential sought to avoid the correct outcome – a remand based on its violation of ERISA – by excluding its own "Disability Claim Instructions" from our review. We cannot say that this is a position deserving of leniency. Thus, considering the merits of both parties' positions, this factor is neutral.

With two factors weighing in favor of an award, one weighing against an award, and two neutral, our analysis suggests that some award is appropriate here. We accordingly conclude that such award of attorney fees and costs is appropriate.

**IV. Amount of Plaintiff's Award**

Having reviewed Plaintiff counsel's charges and Prudential's objections thereto, the Court concludes that only some of the claimed charges or not compensable. We agree with Prudential's objections to the following charges:

Attorney Hours

| Date | Time | Description |
|---|---|---|
| 4/27/11 | 4.90 | Rev claim file |
| 5/20/11 | 1.00 | Final review of claim file and prepare timeline |
| 12/06/11 | 0.90 | Review Pru motion for judgment on pleadings |
| 12/15/11 | 3.10 | Review AR for response brief |
| 1/09/12 | 0.20 | Review file on STD |

Paralegal Hours

| Date | Time | Description |
|------|------|-------------|
| 4/04/11 | 0.10 | Spoke w/ client in re SSD file |
| 5/02/11 | 0.10 | Spoke w/ client in re SSD award letter |
| 8/09/11 | 0.20 | Returned call in re receipt of SSD information |
| 8/09/11 | 0.10 | Email with Ms. Basham in re SSDI |
| 3/14/12 | 1.00 | Merged Answer |
| 7/05/12 | 1.50 | Merged RFI RFP RFA |
| 7/06/12 | 5.80 | Merge Discovery |
| 7/09/12 | 1.90 | Merge Discovery |

Accepting these objections, we reduce Plaintiff counsel's compensable hours from 138.10 to 128.00 and paralegal hours from 26.40 to 15.70.

Turning to Plaintiff counsel's hourly rate, we also accept Prudential's argument that $395 is inappropriate hourly rate for this case. This Court has previously addressed this issue and determined that an hourly rate of $350 is a fair and reasonable rate in the relevant community for similar work and experience. *See Thies v. Life Ins. Co. of N. Am.*, 839 F. Supp. 2d 886, 895 (W.D. Ky. 2012); *Mullins v. Prudential Ins. Co. of Am.*, No. 3:09CV-371-S, 2012 WL 1067898, at *5 (W.D. Ky. Mar. 29, 2012). We decline to adjust this rate on a yearly basis to track counsel's own rate increases. Mr. Grabhorn's fee award is to be determined at an hourly rate of $350.

For these reasons, the Court will exercise its discretion to grant Plaintiff's award as follows:

| 128.00 attorney hours x $350.00/hr | = $44,800.00 |
| --- | --- |
| 15.70 paralegal hours x $110/hr | = $1,727.00 |
| **Attorney Fee Total:** | **$46,527.00** |
| **Costs:** | **$1,251.59** |

Considering that the parties rigorously litigated this case, this award is fair and appropriate. An award of the fees and costs requested by Basham will be made by separate order.

**IT IS SO ORDERED.**

December 12, 2014

Charles R. Simpson III, Senior Judge
United States District Court